The Auditor General v. Louisa H. Smith.

*Taxes — Proceeding by Auditor General — Construction of*
*stipulation.*

1. After a special assessment for a street improvement had been
   decreed void, and pending an appeal from the decree, a similar
   decree was made in a proceeding by the Auditor General under
   the tax law of 1889 to enforce the collection of the taxes levied
   under the assessment as well as other taxes, the same questions
   being involved in both cases.  The decree was made without
   prejudice to the right of the State to enforce such collection
   thereafter in case the assessment was held valid in the pend-
   ing appeal, and it was stipulated by the parties that the Auditor
   General should have 10 days after the reversal of the first
   decree to move for a rehearing or perfect an appeal.   And it
   is held that the stipulation was controlling, and that on such
   reversal a rehearing was properly granted, and a decree made
   in favor of the Auditor General.
2. This case is ruled by *Auditor General v. Maier, ante*, 127,
   except upon the point above stated.

Appeal from Saginaw.   (Edget, J.)   Argued February
1, 1893.   Decided March 10, 1893.

Petition for sale of lands delinquent for taxes under Act
No. 195, Laws of 1889.   Defendant appeals.   Decree
affirmed.   The facts are stated in the opinion.

*J. M. Harris ( G. W. Davis,* of counsel), for appellant.

*A. A. Ellis,* Attorney General, and *Charles S. Smith,*
for petitioner.

Grant, J.   This case involves the same special assess-
ment as did the case of *Auditor General v. Maier, ante*, 127,
which was heard at the same time, and is ruled by that
case in all respects, except one.

After the decision of the circuit court in *Davies v. City*

*of Saginaw,* 87 Mich. 439, which held the proceedings void, a stipulation was entered into by the solicitors of the respective parties in this case, which was then pending in the same court.   The stipulation recited the decree rendered in that case, that the same questions were involved in this, that a decision in that case would practically settle the questions in this, and it was thereupon agreed that the time for moving for a rehearing, or for taking and perfecting an appeal to the Supreme Court, be extended until 10 days after the Supreme Court should file an opinion in that case, and that in the meantime no further steps towards such an appeal or hearing need be taken to preserve the rights of either party. After the decision of this Court reversing the decree in *Davies v. City of Saginaw,* and holding the proceedings valid, the petitioner moved for a rehearing, in accordance with the stipulation.   To this the defendant's solicitor objected, because the decree which was entered under the stipulation provided that it should be "without prejudice to the right of the State to hereafter enforce payment thereof by the sale of said lands, in the event the assessment shall be sustained by the final decree of the court of proper jurisdiction," and because the statute provides that in case a decree, from any cause, is not rendered against any of the lands described in the petition, a new petition shall be filed by the Auditor General, and the same proceedings had thereon as before.

The stipulation must control.  Its sole object was to permit the State to open the decree, should the decree in *Davies v. City of Saginaw* be reversed in this Court, and permit one to be entered in accordance with that opinion.

A rehearing was properly granted, and the decree is affirmed, with costs.

The other Justices concurred.